UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 15-155 (DWF/JSM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Beth Marie Milbrandt, | |
| Defendant. | |

Craig S. Hunter, Esq., Northland Law, counsel for Defendant.

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

# INTRODUCTION

This matter is before the Court on Defendant Beth Marie Milbrandt's ("Milbrandt") Motion for Compassionate Release in light of the COVID-19 pandemic.[1] (Doc. No. 76 ("Motion").) The United States of America (the "Government") opposes Milbrandt's Motion. (Doc. No. 91.) The Court also received and considered Milbrandt's

---

[1] On September 14, 2020, Milbrandt filed a *pro se* motion for compassionate release. (Motion.) The Court appointed her counsel on November 19, 2020. (Doc. Nos. 80,81.) Milbrandt's counsel filed a supporting memorandum on December 17, 2020 incorporating and expanding on the arguments in her *pro se* motion. (Doc. No. 87 ("Def. Memo.").) For the purposes of citation, the Court references just the supporting memorandum.

reply to the Government's opposition.  (Doc. No. 94 ("Reply").)  For the reasons discussed below, the Court respectfully denies Milbrandt's Motion.

## BACKGROUND

On June 15, 2016, Milbrandt pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  (Doc. Nos. 63,64.)  On October 5, 2016, this Court sentenced her to 120 months' imprisonment to be followed by a 5-year term of supervised.  (Doc. No. 74.)

Milbrandt is currently incarcerated at Waseca FCI in Waseca, MN with an anticipated release date of October 5, 2024.  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited Jan. 14, 2021).  Waseca FCI reports 0 active COVID-19 cases among its inmates and 3 among its staff, 442 inmates and 23 staff who have recovered from COVID-19, and no inmate or staff deaths from the virus.  Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Jan. 14, 2020).  To date, the BOP has performed 617 tests for COVID-19 tests at Waseca FCI with 443 tests positive for the virus.  *Id.*

Milbrandt now moves for compassionate release pursuant to 18 U.S.C. § 3582(c) on the grounds that she is vulnerable to severe infection from COVID-19 because she suffers from obesity, chronic hypothyroidism, a history of kidney stones, and

pyelonephritis.[2]  (Def. Memo. at 7-9; *see also* Doc. No. 88 ("Hunter Decl."), Ex. G ("Medical Records").)

Milbrandt also contends that because she previously contracted COVID-19 in September 2020 and continues to suffer lingering effects, she is at risk for more serious outcomes if reinfected.[3]  (Def. Memo at 8-9; *see also* Hunter Decl. Exs. F, H. )  She argues further that she is particularly vulnerable to reinfection at Waseca FCI because the facility previously failed to prevent and effectively respond to an outbreak of COVID-19.[4]  (Def. Memo. at 8-12; *see also* Hunter Decl., Ex. I.)  Moreover, Milbrandt contends that the sentencing factors 18 U.S.C. § 3553(a) support release.[5]  (Def. Memo. at 14-15.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."

---

[2]  As of March 25, 2020, Milbrandt's BMI was 33.7.  (Medical Records at 44.)  There is no indication that it has changed since then.

[3]  Milbrandt states that she continues to suffer from rapid heart rate, major headaches, chest pain, brain fog, trouble catching her breath, and tremors in her hands and body.  (Hunter Decl., Ex. F.)

[4]  On December 9, 2020, the ACLU filed a class action lawsuit on behalf of inmates at Waseca FCI alleging that the facility failed to institute basic measures to prevent the spread of COVID-19.  *See Malcolm, et al. v. Starr., et al.*, Civ. No. 20-2503 (D. Minn. Dec. 9, 2020).

[5]  Milbrandt asserts that she has not been the subject of any discipline during her current prison sentence, and that she has participated in a number of programs including drug treatment.  (Def. Memo. at 14-15; *see also* Hunter Decl., Exs. B, C.)

18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).[6] If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." Statement. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on

---

[6] While the Statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

4

the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[7]  *Id.*

The record reflects that Milbrandt requested compassionate release from the warden at Waseca FCI on October 12, 2020 and that it was denied on October 23, 2020. (Hunter Decl., Exs. D, E.)  Accordingly, the Court finds that her Motion is properly before it.

Notwithstanding, after a careful review of Milbrandt's Motion, Medical Records, and other documentation, the Court finds that her circumstances do not meet the demanding standard necessary for compassionate release.  The Court acknowledges that Milbrandt's obesity places her at heightened risk of severe illness should she contract COVID-19 again.  Centers for Disease Control and Prevention, <u>Coronavirus Disease: People with Certain Medical Conditions</u>, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Jan. 14, 2021).[8]  This Court agrees with other courts, though, that obesity alone is an

---

[7] Although judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

[8] The Centers for Disease Control and Prevention ("CDC") does not include Milbrandt's other health concerns, including previous infection, as medical conditions that increase her risk of severe infection from COVID-19.  *See* Centers for Disease Control and Prevention, <u>Coronavirus Disease: People with Certain Medical Conditions</u>, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Jan. 14, 2021).

5

insufficiently extraordinary and compelling reason to warrant compassionate release.[9] *See, e.g.*, *United States v. Garcia*, Cr. No. 10-275 (02) (MJD), 2020 WL 5500455, at *2 (D. Minn. Sept. 11, 2020) (finding obesity insufficiently extraordinary or compelling reason to warrant compassionate release); *United States v. Hennessey*, Cr. No. 18-304 (JRT/KMM), 2020 WL 4209020, at *1 (D. Minn. July 22, 2020) (same); *United States v. Edison*, Cr. No. 12-225 (DWF), 2020 WL 3871447, at *3 (D. Minn. July 9, 2020) (same); *United States v. Smith*, Cr. No. 16-169 (04) (MJD), 2020 WL 5424858, at *1 (D. Minn. Sept. 10, 2020) (finding that obesity and diabetes did not demonstrate extraordinary and compelling reasons); *United States v. Capehart*, Cr. No. 14-344-4 (JRT/TNL), 2020 WL 6119998, at *2 (D. Minn. Oct. 16, 2020) (finding that obesity and asthma did not demonstrate extraordinary and compelling reasons); *United States v. Wright*, Cr. No. 17-0301 (WMW/DTS), 2020 WL 733412, at *4, (D. Minn. Dec. 14, 2020) (finding obesity insufficiently extraordinary or compelling reason to warrant compassionate release).

The Court also understands Milbrandt's concern that she will be reinfected with the virus, particularly in light of the lingering effects she continues to experience, and the fact that she is incarcerated at Waseca FCI. Notwithstanding, the Court finds that previous infection, even in combination with obesity and placement at Waseca FCI, is also an insufficiently extraordinary and compelling reason to warrant release. *See, e.g.,*

---

[9] There is no indication that Milbrandt is unable to provide self-care while in prison, or that the medical staff at her facility will be unable to care for her should she contract COVID-19 again.

6

*United States v. Somers*, Cr. No. 18-96 (DWF), 2020 WL 5097097, at *4 (D. Minn. Aug. 28, 2020) (denying compassionate release for defendant who had twice contracted the virus and who suffered obesity, diabetes, and high blood pressure); *United States v. Lemon,* Cr. No. 08-246 (DSD), Doc. No. 93 at 5 (D. Minn. Jun. 24, 2020) (same).

The Court recognizes the grand failure of Waseca FCI to prevent and properly mitigate the spread of COVID-19 such that nearly 70% of its population, including Milbrandt, suffered from the virus. (*See* Hunter Decl., Ex. H.) It is promising, though, that there are currently no active COVID-19 cases in the facility. Moreover, it appears that the facility has been able to effectively treat the ill and so far, has been able to prevent any death. The Court also notes that the Bureau of Prisons ("BOP") has developed a plan, that when implemented, the Court deems sufficient to prevent and mitigate the spread of the virus.[10]

---

[10]    Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, *https://www.bop.gov/resources/news/20200313_covid-19.jsp* (last visited Jan. 6, 2021). Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates. (*Id.*) The BOP periodically updates its Plan and is currently in Phase Nine. Federal Bureau of Prisons, Coronavirus (COVID-19) Phase Nine Action Plan, *https://prisonology.com/wp-content/uploads/2020/08/COVID-19-Phase-9-COVID-Action-Plan.pdf*. (last visited Jan. 14, 2021).

The BOP is also exercising greater authority to designate inmates for home confinement. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Jan. 14, 2021). Since March, the BOP has transferred more than 20,000 inmates to home confinement. *Id.*

7

The Court does not downplay the seriousness of COVID-19, particularly in a prison setting. Notwithstanding, the Court finds that none of Milbrandt's medical conditions, alone or in combination, are sufficiently extraordinary and compelling to satisfy the high standard necessary for compassionate release. To the extent that Milbrandt seeks transfer to a different facility, the Court encourages her to petition the warden at Waseca FCI as the BOP has exclusive authority to determine the placement of prisoners. *See* 18 U.S.C. § 3624(c)(2).

Moreover, even if the Court were to find extraordinary and compelling circumstances, the Court would decline to grant release because it cannot conclude that she no longer poses "a danger to the safety of any other person or the community." Statement. Moreover, the Court finds that the § 3553(a) sentencing factors weigh against release. 18 U.S.C. § 3553(a).

While the Court commends Milbrandt for her commitment to rehabilitation and zero disciplinary infractions since her sentencing, the Court cannot overlook her prior criminal activity to now conclude that she no longer poses a danger to the public after serving approximately just half of her sentence. (*See* Doc. No. 66 ¶¶ 52, 53.) The Court finds that such a significant sentence reduction would not adequately address the seriousness of the charges of Milbrandt's conviction, promote respect for the law or provide a just punishment.

It is truly unfortunate that an outbreak of the virus occurred at Waseca FCI and that Milbrandt was one of hundreds who became ill. Sadly, until there is a vaccine widely available, some level of continued spread is inevitable. In spite of the risk, the

BOP must continue to carry out its charge to incarcerate sentenced criminals to protect the public and any release must be balanced against the danger it poses to society. Here the factors weigh against release.

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Milbrandt's concerns, the Court finds that the circumstances do not warrant release. Accordingly, the Court respectfully denies Milbrandt's Motion.

## CONCLUSION

For the reasons set forth above, the Court finds that Milbrandt is ineligible for compassionate release because she does not present an extraordinary and compelling reason, the Court cannot determine that she no longer poses a threat to society, and because the § 3553(a) factors weigh against release.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Beth Marie Milbrandt's Motion for Compassionate Release in light of the COVID-19 pandemic (Doc. No. [76]) is respectfully **DENIED**.

Date: January 15, 2021                                s/Donovan W. Frank
                                                     DONOVAN W. FRANK
                                                     United States District Judge